**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JESSIE G. CROTEAU,
Plaintiff,
v.
STATE OF DELAWARE et al.,
Defendants.

Case No.: 26-cv-01686-DMS-JLB

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

On March 17, 2026, Plaintiff Jessie G. Croteau, proceeding *pro se*, filed this action against Defendants the State of Delaware, the Delaware Department of Insurance, the Delaware Insurance Commissioner, Diane J. Bartels, James J. Black, III, and Does 1–20. (Compl., ECF No. 1 at 1). Plaintiff asserts eighteen causes of action arising from the liquidation of United Contractors Insurance Company, Inc. in the Delaware Court of Chancery. (*Id.* at 2, 4, 24–45). Plaintiff concurrently filed a Motion for a Temporary Restraining Order ("TRO Motion") and a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion"). (TRO Mot., ECF No. 2; *IFP* Mot., ECF No. 3). For the following reasons, the

Court denies Plaintiff's *IFP* Motion and dismisses the action without prejudice.[1]

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). Plaintiff reports that he is out of work and self-employed, making around $2,000 per month. (*Id.*). Plaintiff alleges that his spouse makes around $5,150 per month. (*Id.*). Plaintiff states that he has $696 in a bank account, a home worth $1.2 million, a 2005 Chevy Avalanche, and no other assets. (*Id.* at 3). Plaintiff states that he has two daughters who rely on him and his spouse for support. (*Id.*). Plaintiff itemizes monthly expenses totaling $6,402. (*Id.* at 4). Plaintiff's own figures demonstrate that his and his spouse's monthly income exceeds their monthly expenses by approximately $750, nearly twice the $405 filing fee. (*Id.* at 1, 4). Plaintiff's later-filed declaration describes a back injury and unexpected family expenses but does not provide any updated figures. (ECF No. 6 at 2–3). On this record, Plaintiff has not alleged poverty with the requisite "particularity, definiteness and certainty" to show he "cannot

[1] As the Complaint is dismissed, Plaintiff's TRO Motion is **DENIED AS MOOT**. (ECF No. 2); *see, e.g.*, *Abera v. S.D. Pacificvu LLC*, No. 3:25-cv-01437-RBM-DEB, 2025 WL 1645593, at *2 (S.D. Cal. June 10, 2025).

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's *IFP* Motion is denied.[3]

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, this action is **DISMISSED** without prejudice. Within thirty (30) days of the issuance of this Order, Plaintiff may file a renewed motion with additional information about his economic status or pay the $405 filing fee. If Plaintiff does neither, the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2026



Hon. Dana M. Sabraw
United States District Judge

---

[3] Plaintiff alternatively requests leave to pay the filing fee in monthly installments of $50 under § 1915(b)(1). (ECF No. 6 at 1, 4). However, that provision is "a carve-out for prisoners" that does not confer a right to installment payments on a non-prisoner. *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 767–68 (9th Cir. 2023). Although a court retains discretion under § 1915(a)(1) to set a partial filing fee, the current record does not demonstrate that Plaintiff cannot pay the full fee and still afford the necessities of life. *Id.*; *Escobedo*, 787 F.3d at 1234. Additionally, as the Court has now ruled on Plaintiff's *IFP* Motion, his Motion to Expedite is **DENIED AS MOOT**.